UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23703-Civ-COOKE/TURNOFF

YAMILET R. MONSERRATE,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE

THIS MATTER is before me upon Plaintiff Yamilet Monserrate's ("Plaintiff" or "Monserrate") Motion to Remand and Request for Attorneys' Fees (ECF No. 6). Defendant Target Corporation ("Defendant" or "Target") filed its Response in Opposition to the Motion (ECF No. 7), to which Plaintiff elected not to file a reply, and the time to do so has passed. Therefore, Plaintiff's Motion is ripe for adjudication. For the reasons explained herein, Plaintiff's Motion to Remand and Request for Attorneys' Fees is denied.

### I. BACKGROUND

On March 12, 2012, Monserrate initially filed suit against Target in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida alleging that Target was liable to her for damages under a theory of negligence ("Initial Lawsuit"). Pl.'s Mot. Remand 2. In the Initial Lawsuit, Target removed the case to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1441(a), which allows removal of an action in which there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. For removal, Target relied on Monserrate's discovery responses, which confirmed Monserrate incurred damages exceeding $75,000. Pl.'s Mot. Remand 2. The Initial Lawsuit was subsequently dismissed without prejudice as a sanction for failure to comply with court orders. *Id.*

On March 1, 2013, Monserrate filed the instant personal injury action against Monserrate in in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As in the Initial Lawsuit, Monserrate alleges that Target is liable for her

damages under a theory of negligence. Compl. ¶ 9. On October 11, 2013, Target removed this matter from state court pursuant to 28 U.S.C. § 1441(a) based on diversity jurisdiction. 28 U.S.C. § 1332. In its removal, Target relied on Monserrate's response to a Request for Admission served September 26, 2013 and Monserrate's response to a Request for Production served October 9, 2013, to establish the factual basis for federal jurisdiction. Def.'s Resp. Opp'n Pl.'s Mot. 2.

## II. LEGAL STANDARD

Unlike state courts, lower federal courts are courts of limited jurisdiction. They only possess that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1996). Thus, in a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citing *Klein v. Drexel Burnham Lambert,* 737 F. Supp. 319, 323 n.11 (E.D. Pa. 1990)). For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.  There is a presumption that a case lies outside this limited jurisdiction and the burden of proving otherwise rests on the party asserting jurisdiction. *See Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal statutes are construed narrowly and "[a]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Thus, "[i]n deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, uncertainties are resolved in favor of remand." *Id.*

## III. ANALYSIS

### 1. Defendant's Removable Was Timely.

The parties do not dispute that they are diverse and that the amount in controversy exceeds the jurisdictional requirement. Rather, Monserrate moves to remand on the ground that removal was not timely effected. Pl.'s Mot. 1. In the removal context, 28 U.S.C. § 1446(b)(1) provides two distinct thirty-day time periods when a case can be removed to federal court. The first thirty-day time period starts to run from the service of the state court

complaint when the case is removable on the face of the complaint. 28 U.S.C. § 1446(b)(1); *Chapman v. Powermatic, Inc.*, 969 F.2d 150 (5th Cir. 1992). In such a case, the complaint is removable when that pleading affirmatively and explicitly reveals that the plaintiff is seeking damages in excess of $75,000. *Chapman*, 969 F.2d at 163. Thus, a defendant shall not speculate that the amount in controversy exceeds $75,000 when the complaint does not specifically include any such allegation. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-15 (5th Cir. 2007).

If the complaint is not removable on its face, the second thirty-day time period starts to run from the receipt of an amended pleading, motion, order, or "other paper" from which the defendant can ascertain that the case is removable. 28 U.S.C. § 1446(b)(3); *Chapman*, 969 F.2d at 163. "Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *See Wilson v. Target Corp.*, No. 10-CV-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010). While pre-suit materials can support removal, the 'other paper' must be received after the initial pleading to trigger the thirty-day time period under 28 U.S.C. § 1446(b)(3). *Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890 (N.D. Fla. 1996).

On October 11, 2013, Target filed its Notice of Removal pursuant to 28 U.S.C. §1446(b). ECF No.1. In its removal, Target relied on Monserrate's response to a Request for Admission served September 26, 2013 and Monserrate's response to a Request for Production served October 9, 2013, to establish the factual basis for this Court's jurisdiction – specifically the amount in controversy. Def.'s Resp. Opp'n Pl.'s Mot. 2. Monserrate contends removal was untimely because "Defendant knew the case was removable when the Complaint was received." Pl.'s Mot. Remand 2. As support for this contention, Monserrate points to the Initial Lawsuit filed against Target on March 12, 2012. *Id.* There, Target removed the case from state court after Monserrate's discovery responses confirmed she incurred damages exceeding $75,000. *Id.* 1. Thus, Monserrate argues that the instant action was removable upon receipt of the state court Complaint because Target knew that she incurred damages exceeding $75,000 in the Initial Lawsuit and the "lawsuit[s] [are] identical." *Id.* 2. In rebuttal, Target contends that it is only mandatory for a defendant to remove within thirty days of service of the "initial pleading" (i.e., the Complaint) when the

3

federal court's jurisdiction can be established on the face of the complaint. Def.'s Mot. in Opp'n to Pl.'s Mot. 6. Target contends that the instant cause of action was not removable on its face. *Id.* 7. Instead, the Notice of Removal was timely filed when Monserrate's discovery response, the first 'other paper,' established that Monserrate's claimed damages exceed the value of $75,000 and that there was diversity of citizenship. 28 U.S.C. § 1446(b)(3). In this instance, I agree with Target.

      First, 28 U.S.C. § 1446(b)(1) describes the first thirty-day time period that starts to run from the service of the state court complaint, and states as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summon upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

A plain reading of this statute reveals that it is not mandatory for a defendant to remove a case based on pre-suit materials when the complaint does not affirmatively establish that the case is removable. In fact, 28 U.S.C. § 1446(b)(1) makes no mention of pre-suit materials. Rather, 28 U.S.C. § 1446(b)(1) only requires removal within thirty days of service of the complaint if the complaint alone clearly provides a basis for removal. Here, the Complaint merely alleged Monserrate sought "damages which exceed $15,000.00." Compl. ¶ 1. Thus, Monserrate's Complaint does not affirmatively reveal on its face that she is seeking damages in excess of $75,000 to trigger the thirty-day time period. In fact, for Monserrate's position to be correct, it would require Target to speculate that the amount in controversy exceeds $75,000, which is forbidden. *Lowery*, 483 F.3d at 1213-15 (finding that a defendant shall not speculate that the amount in controversy exceeds $75,000 when the complaint does not specifically include any such allegation).

      Moreover, Monserrate's contention that Target's removal was untimely because Target "knew upon receiving…the state court Complaint in this case [that this case was removable] from its prior Notice of Removal" is not supported by case law or the intent of Congress. Pl.'s Mot. to Remand 2. As support, Target relies on the Fifth Circuit's opinion in *Chapman*, 969 F.2d at 150. There, the court looked at the language of 28 U.S.C. § 1446(b), concluding that:

> Adhering to the plain language of the second paragraph of § 1446(b) by requiring that an 'other paper,' in order to trigger the thirty-day time period, be received by a defendant only after that defendant has received the initial pleading…produces a result that is entirely consistent with the intentions of its drafters.

*Chapman*, 969 F.2d at 164-65. Here, Target properly filed its Notice of Removal once Monserrate's discovery response, the first 'other paper' after the Complaint, established that Monserrate's claimed damages exceed the value of $75,000 and that there was diversity of citizenship. 28 U.S.C. § 1446(b)(3). Monserrate's position would force Target to "guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests." *Mendez v. Cent. Garden & Pet Co.*, 307 F. Supp. 2d 1215 (M.D. Ala. 2003). Even if the lawsuits are "identical," as Monserrate contends, the amount in controversy requirement is frequently a subjective statutory pre-requisite that must be assessed at the time a case is removed. *Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 09-CV-1711-Orl-31DAB, 2009 WL 4855700 (M.D. Fla. Dec. 10, 2009). In this instance, assuming *arguendo* that Target knew the amount in controversy exceeded $75,000 upon receipt of the Complaint because of its notice of removal in the Initial Lawsuit, it is far from clear that Target knew that the amount of damages Monserrate claimed in the state court Complaint in the Initial Lawsuit remained the same for an entire year.

> **2. Plaintiff is Not Entitled to an Award of Attorneys Fees Pursuant to 28 U.S.C. §1447(c).**

Monserrate also requests reasonable attorneys' fees and costs. Pl.'s Mot. Remand 3. While the Court has discretion to award fees and costs incurred in opposing removal, there is no presumption in favor of awarding such sanctions following remand to state court. *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314 (S.D. Fla. 2004). Rather, in determining whether to award such sanctions, the court should turn on the reasonableness of removal. *Devine v. Prison Health Services, Inc.*, 212 Fed. App'x 890 (11th Cir. 2006). Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Doe v. Florida Intern. Univ. Bd. of Trustees*, 464 F. Supp. 2d 1249 (S.D. Fla. 2006) (where objectively reasonable basis for seeking removal existed, an attorney's fees award to plaintiff who succeeds on motion to remand should be denied). Here, Target's removal of this action was timely and proper given that, as discussed above, the amount in controversy exceeded $75,000 and there was

complete diversity between the parties at the time of removal. Thus, Target's basis for seeking removal was not only objectively reasonable based on the pleadings filed at the time of removal, it was legally correct. Accordingly, Monserrate's request for fees and costs is denied.

### IV. CONCLUSION

Based upon the foregoing, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand and Request for Attorney's Fees (ECF No. 6) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 7th day of April 2014.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*